HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE FOX and CHERIE FOX, husband
and wife,

          Plaintiffs,

    v.

STATE FARM INSURANCE COMPANY,

          Defendant.

CASE NO. C15-535RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs Steve Fox and Cherie Fox's (collectively, "Plaintiffs") Motion for Partial Summary Judgment.  Dkt. # 44.  Plaintiffs seek partial summary judgment as to five issues related to Mr. Fox's medical condition and treatment following a car accident.  *See id.*  For the following reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion.

## II.  BACKGROUND

The Court derives the following facts from the Plaintiffs' Complaint.  Plaintiffs purchased an insurance policy from Defendant State Farm Insurance Company ("Defendant") that included under-insured motorist ("UIM") coverage.  *See* Dkt. # 5-1 ("Compl.") ¶ 4.1  That policy was in effect in August 2010 when Mr. Fox was involved in a car accident.  *See id.* ¶¶ 4.1-4.2.  That accident was caused by another driver (*see id.* ¶¶ 4.2-4.4) and as a result, Mr. Fox claims injuries and Mrs. Fox claims loss of

ORDER – 1

1    consortium (*see id.* ¶¶ 4.5-4.7).  Plaintiffs claim that because the damages Mr. Fox

2    suffered exceeded the other driver's liability policy limits, Defendant is liable for the full

3    extent of Mr. Fox's injuries within the limits of the policy.  *See id.* ¶ 4.13.

### III.    LEGAL STANDARD

5    Summary judgment is appropriate if there is no genuine dispute as to any material

6    fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

7    56(a).  The moving party bears the initial burden of demonstrating the absence of a

8    genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

9    Where the moving party will have the burden of proof at trial, it must affirmatively

10   demonstrate that no reasonable trier of fact could find other than for the moving party.

11   *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where

12   the nonmoving party will bear the burden of proof at trial, the moving party can prevail

13   merely by pointing out to the district court that there is an absence of evidence to support

14   the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets

15   the initial burden, the opposing party must set forth specific facts showing that there is a

16   genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby,*

17   *Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most

18   favorable to the nonmoving party and draw all reasonable inferences in that party's favor.

19   *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

### IV.    DISCUSSION

21   Although a claim against an insurance company for UIM coverage is generally a

22   question of contract, "an underlying tortious injury is also involved."  *McIllwain v. State*

23   *Farm Mut. Auto. Ins. Co.*, 136 P.3d 135, 138 (Wash. Ct. App. 2006) (citing *Girtz v. N.H.*

24   *Ins. Co.*, 828 P.2d 90, 92 (Wash. Ct. App. 1992)).  Ultimately, in such cases, "the

25   insured's right to underinsured motorist benefits hinges on the existence of a tort cause of

26   action against the underinsured motorist."  *Id.* (citing cases).  In short, "the insured must

27   be capable of showing that he or she *could* obtain a judgment in his or her favor, i.e.,

28   ORDER – 2

prove the elements of a tort claim including fault and overcome defenses." *Id.* at 139 (citing *Sayan v. United Servs. Auto. Ass'n*, 716 P.2d 895, 897-98 (Wash. Ct. App. 1986)).

Of course, the underlying tort in this case is the negligence of the other driver in Mr. Fox's accident. *See* Compl. ¶¶ 4.2-4.4. The elements for a negligence cause of action are "duty, breach, causation, and damage." *Tolliver v. United States*, 957 F. Supp. 2d 1236, 1245 (W.D. Wash. 2012) (citing *Keller v. City of Spokane*, 44 P.3d 845, 848 (Wash. 2002)).

This leads us to Plaintiffs' instant Motion, which requests summary judgment on five issues related to the underlying negligence claim: (1) the automobile accident caused Mr. Fox's injury, (2) Mr. Fox's medical treatment was reasonable and necessary for the injuries caused by the accident, (3) the cost of Mr. Fox's treatment was reasonable, (4) Mr. Fox's medical condition is permanent, and (5) Mr. Fox's job resignation was medically reasonable. *See* Dkt. # 44 at 1. The Court will address each in turn.

   a.   Whether the Automobile Accident Caused Mr. Fox's Injury

Plaintiffs' first point is that summary judgment should be granted as to the issue of whether the automobile accident caused Mr. Fox's injuries.

"[T]he issue of proximate cause is ordinarily a question for the jury," though it may still be determined on summary judgment where the evidence is undisputed and only one reasonable conclusion may be drawn. *Fabrique v. Choice Hotels Int'l, Inc.*, 183 P.3d 1118, 1121 (Wash. Ct. App. 2008) (quoting *Bordynoski v. Bergner*, 644 P.2d 1173, 1176 (Wash. 1982)); *see also Martini v. Post*, 313 P.3d 473, 479 (Wash. Ct. App. 2013) (citing *Owen v. Burlington N. Santa Fe R.R. Co.*, 108 P.3d 1220, 1223 (Wash. 2005)) (noting that "[c]ause in fact is usually a question for the trier of fact and is generally not susceptible to summary judgment.").

Neither party provides any evidence – or explains any such evidence – regarding the details of the underlying accident. Nevertheless, as best as this Court can tell, in August 2010, Mr. Fox was rear ended while at a full stop. *See* Dkt. # 45-1 (Jensen Decl.)

ORDER – 3

Ex. A at 3.  Afterward, Mr. Fox reported that he began to experience some head, neck, and lower back pain.  *See id.*

Mr. Fox's treating doctor, Dr. Jack Calabria recounts his examination and treatment of Mr. Fox from January 14, 2011 on and concludes that "[t]he etiology of the diagnosed injuries or conditions is the trauma sustained by the spine in the region of the lumbar spine and lumbosacral spine during the collision of August 4, 2010."  *See .  See* Dkt. # 44-1 (Calabria Decl.) ¶ 115.  Defendant's expert, Dr. Alan Brown, opines that "[o]n a more-probable-than-not basis, this patient had a temporary aggravation of longstanding low back pain, degenerative disk disease, and spinal stenosis."  *See* Dkt. # 45-1 (Jensen Decl.) Ex. A at 17.  In other words, both Parties' experts (and the only evidence presented to the Court) suggest that the August 2010 accident caused something, though they significantly differ as to precisely what.

Unsurprisingly, the Parties draw vastly different conclusions from this.  Plaintiffs contend that because the experts agree that the August 2010 accident caused something, the Court should grant summary judgment.  *See* Dkt. # 48 at 1-2.  Defendant argues that the significant difference in the doctors' conclusions and, apparently, other evidence show that summary judgment is inappropriate.

The Court agrees with Defendant.  Contrary to Plaintiffs' assertion that medical expert testimony is always required (*see* Dkt. # 48 at 2), such testimony is "necessary to establish causation" only "where the nature of the injury involves 'obscure medical factors which are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding.'"  *See Luttrell v. Novartis Pharms. Corp.*, 894 F. Supp. 2d 1324, 1340 (E.D. Wash. 2012) (quoting *Fabrique*, 183 P.3d at 1122); *see also McLaughlin v. Cooke*, 774 P.2d 1171, 1175 (Wash. 1989) (holding that "[i]t is not always necessary to prove every element of causation by medical testimony" even in a medical malpractice case); *cf. Parris v. Johnson*, 749 P.2d 91, 95 (Wash. Ct. App. 1970) ("Turning now to the question of whether expert testimony is necessary to establish the nature, extent and

ORDER – 4

probable duration of injuries, we find that it is not always required").  In fact, Washington courts have specifically rejected the argument that "only medical testimony can show causation."  *See Ma'ele v. Arrington*, 45 P.3d 557, 561 (Wash. Ct. App. 2002).  Instead, courts have clarified that "[m]edical causation must be established by a more-likely-than-not standard," not that it is absolutely necessary in all cases.  *See id.*

Whether expert medical testimony is necessary here is not immediately apparent. Mr. Fox reported head, neck, and lower back pain for years prior to the August 2010 accident.  *See* Dkt. # 45-1 (Jensen Decl.) Ex. A at 4-6.  After the accident, he still reported pain.  *See* Dkt. # 44-1 (Calabria Decl.) ¶¶ 2-12.  As Defendant rightly points out, the jury could certainly conclude from this evidence that Mr. Fox was not injured by the car accident – or, at least, that he was not injured in precisely the way that he contends he was.[1]  A genuine issue of material fact exists as to whether the accident caused his injuries.  The Court denies summary judgment as to this issue.

> b.  Whether Mr. Fox's Medical Treatment Was Reasonable and Necessary

Plaintiffs appear to confine their argument on this issue to the two months of treatment immediately following the car accident.  *See* Dkt. # 48 at 2-3.  Dr. Calabria opines that all of Mr. Fox's medical treatment following the accident was necessary and reasonable.  *See* Dkt. # 44-1 (Calabria Decl.) ¶¶ 115-16.  Dr. Brown, in turn, provides a qualified answer to that question, concluding that "[a]lthough I do not think any of [Mr. Fox's] treatment was unreasonable, it does appear that some of his treatment was excessive." Dkt. # 45-1 (Jensen Decl.) Ex. A at 16.  During his deposition, Dr. Brown clarified that the treatment "was excessive notwithstanding any causation."  *See* Dkt. # 49-1 [Brown Depo. Tr.] at 27:19-23.  He also opined that a reasonable and necessary length of time for Mr. Fox's treatment was roughly two months.  *See id.* at 55:3-17.

---

[1] In fact, Plaintiffs' own pleadings suggest as much, conceding that "[i]t is understood that the issue of causation of Steve Fox's injuries beyond two months must be decided by a jury."  Dkt. # 48 at 4.

ORDER – 5

1    This leaves the Court with two problems.  Even if the treatment was not

2  unreasonable, it may not have been necessary if it was "excessive".  This conclusion is

3  suggested by Dr. Brown's own report, which separates Mr. Fox's surgery from other

4  diagnostic procedures, such as his MRIs.  *See* Dkt. # 45-1 (Jensen Decl.) Ex. A at 16-17.

5  Likewise, Dr. Brown's opinion that two months is approximately a reasonable length of

6  time for Mr. Fox's treatment following the August 2010 car accident leaves this Court

7  with little guidance on the proper period of time.  Should the Court grant summary

8  judgment as to seven weeks?  Nine weeks?  Or just the eight weeks immediately

9  following?

10    The Court finds that Defendant has shown a genuine issue of material fact as to

11  these issues, though just barely.  Dr. Brown's opinions suggest that Mr. Fox may have

12  received unnecessary treatment following the August 2010 collision.  That, at least at this

13  juncture, creates a genuine issue for the jury to resolve.  Summary judgment is

14  inappropriate.

15    c.  Whether the Cost of Mr. Fox's Treatment Was Reasonable

16    Next, Plaintiffs request summary judgment that the cost of Mr. Fox's treatment

17  was reasonable.  *See* Dkt. # 44 at 1, 4-5.  In support, Dr. Calabria lists various treatments

18  extending from January 14, 2011 to November 4, 2015 and contends that they are

19  reasonable in amount.  *See* Dkt. # 44-1 (Calabria Decl.) ¶¶ 114-116.  Defendant, for its

20  part, does not contest this issue, instead choosing to "reserve[] its right to address or

21  challenge any jury instructions that might be offered in relation to this issue."  *See* Dkt. #

22  46 at 5.  Whatever that may mean, it is clear that they have not met their burden to show a

23  genuine issue as to the reasonableness of the cost of Mr. Fox's treatment.  Accordingly,

24  the Court will grant summary judgment on this issue – the costs of all medical treatment

25  Mr. Fox received in connection with his injuries were reasonable.

26

27

28  ORDER – 6

d.  <u>Whether Mr. Fox's Medical Condition is Permanent</u>

Plaintiffs next request summary judgment that Mr. Fox's "medical condition" is permanent.  *See* Dkt. # 44 at 1.  Defendant contends that that this "evidence"[2] would confuse and mislead the jury.  *See* Dkt. # 46 at 6.  Moreover, Defendant argues that Plaintiffs' motion is vague as to the subject injury.  *See id.*

The Court agrees that Plaintiffs' Motion is vague.  Dr. Calabria's protracted declaration references "left buttock, left hip, lower back, and sacroiliac joint pain," "left iliacus strain, bilateral restriction quadrates lumborum muscles, [and] left lower pole fifth lumbar strain," "left lumbar radiculitis, left sciatica, [and] foraminal stenosis," among other things.  *See* Dkt. # 44-1 (Calabria Decl.) ¶¶ 3, 5, 10.  Plaintiffs' Motion spends little time differentiating between these various diagnoses, despite consisting almost exclusively of direct block quotations from the declaration.  *See* Dkt. # 44 at 3-5.  Plaintiffs' clarification that "the referenced 'condition' was the area of Mr. Fox's body that has been causing a majority of his pain and where he had two surgeries," is, frankly, not enough.  Dkt. # 48 at 4.  Based on Dr. Calabria's testimony, Mr. Fox suffered from a variety of maladies.  It is not *Defendant's* duty to specifically identify the condition *Plaintiffs* contend is permanent.

In any event, Defendant still met its burden in creating a genuine issue of material fact.  Specifically, Dr. Brown opined that "on a more-probable-than-not basis . . . this claimant was back to his baseline within a couple of months."  Dkt. # 45-1 (Jensen Decl.) Ex. A at 17.  In other words, any injury attributable to the underlying car accident was resolved after a few months.  As Defendant understood it – and as the Court understands it – the relevant "medical condition" is whatever resulted from the underlying car

---

[2] The Court is unclear what to make of this.  Ostensibly, a court order would not be presented to the jury as such a holding would be addressed in the jury instructions.  And, in any event, if Defendant had an objection to such "evidence," it could easily be addressed through a motion *in limine*.  *See Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1392 (9th Cir. 1986) (affirming trial court's exclusion of legal memoranda on motions *in limine* because they had the potential to cause the jury to ignore the court's instructions).

ORDER – 7

accident.  Dr. Brown's report amply creates a genuine issue as to the permanency of that injury.  Summary judgment is denied.

e.  <u>Whether Mr. Fox's Job Resignation Was Medically Reasonable</u>

Finally, Plaintiffs seek summary judgment on the issue of whether Mr. Fox's decision to resign from his job was medically reasonable.  *See* Dkt. # 44 at 1.  Of course, as Defendant notes, Plaintiffs provide this Court with no authority for granting summary judgment on this issue.

Whatever Plaintiffs are seeking, the Court finds that a genuine issue of material fact exists.  Although Dr. Calabria opines that Mr. Fox's resignation was "consistent with medical recommendations for the treatment of his injuries" (Dkt. # 44-1 (Calabria Decl.) ¶ 118), Dr. Brown concludes that the "subject accident" is not related to whether Mr. Fox is "able to work" (Dkt. # 45-1 (Jensen Decl.) Ex. A at 17).  If Plaintiffs contend that damages associated with Mr. Fox's job resignation are reasonable and foreseeable, then perhaps this evidence is relevant.  Nevertheless, Dr. Brown's conclusions still contradict the extent to which Mr. Fox's decision can be tied to the underlying incident.  Summary judgment is denied.

///

///

///

ORDER – 8

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Partial Summary Judgment.  Dkt. # 44.  Specifically, the Court:

1. Summary judgment is **denied** on the issue of whether the underlying car accident caused Mr. Fox's injury;

2. Summary judgment is **denied** on the issue of whether Mr. Fox's medical treatment was reasonable and necessary;

3. Summary judgment is **granted** as to the cost of Mr. Fox's medical treatment;

4. Summary judgment is **denied** on the issue of whether Mr. Fox's medical condition is permanent; and

5. Summary judgment is **denied** on the issue of whether Mr. Fox's decision to resign from his job was medically reasonable.

DATED this 16th day of March, 2016.

The Honorable Richard A. Jones
United States District Court

ORDER – 9